Bowers and others *vs.* Emerson and Mills, adm'rs, &c.

Decrees were made by a surrogate, for the payment of legacies by an executor, which decrees were removed by him, by appeal, to the court of appeals, where they were affirmed, and remitted to the surrogate, to be executed. Subsequently the executor was removed from his trust, by a decree of the surrogate, from which he appealed. While his appeal was still pending, E. and M. were, by a decree of the surrogate, appointed administrators of the estate, with the will annexed; and they applied to the surrogate for an order or decree that the legacies be paid out of the effects of the estate, according to the force of the original decrees. *Held*, that the decrees for the payment of the legacies, and their affirmance in the court of appeals, fixed the rights of the parties, and rendered the matter *res judicata*. That the administrators with the will annexed had succeeded to all the rights of the executor, and were subject to all his duties in regard to the payment of debts and legacies; and that it was the duty of the surrogate to entertain their application, and make such order or decree thereon as was just.

*Held also*, that the pendency of the appeal taken by the executor was no objection to such application.

This was an appeal by James Bowers and others, from a decree of the surrogate of the county of Queens. The facts are set forth in the opinion of the court.

*A. Thompson*, for the appellants.

*Litchfield & Tracy*, for the respondents.

*By the Court*, Brown, J. The appellants, Bowers and others, are entitled to four several legacies under the will of Peter Marks, deceased. Decrees were made for their payment, by the surrogate of the county of Queens, against Conrad Bowers, the executor, which were removed by him by appeal to the general term of this court, and from thence to the court of appeals, where they were affirmed, and remitted to be executed. Since the affirmance of the decrees, Conrad Bowers has been removed from his office as executor, by a decree of the surrogate, from which he has also appealed. And the respondents in this proceeding, Moody Emerson and Isaac Mills, have been appointed administrators of the estate, with the will annexed. The appeal

taken by Conrad Bowers was pending when these proceedings were instituted.

After the appointment of Emerson and Mills as administrators, the appellants applied, by petition, to the surrogate, for an order or decree that the legacies be paid out of the effects of the estate, according to the force of the decrees. The respondents appeared and litigated the question of their liability, and the surrogate dismissed the application; from which this appeal is brought.

The decrees for the payment of the legacies, and their affirmance in the court of appeals, fixed the rights of the parties, and in respect to the petitioners and those representing the estate of Peter Marks, deceased, the title of the one to receive, and the obligation of the other to pay, whenever there are assets of the estate sufficient for that purpose, is no longer an open question. It is *res judicata.* The respondents are mistaken in supposing the decrees are personal against Conrad Bowers, and that they are not bound by them. They have succeeded to Bowers' rights as executor, and are subject to all his duties in regard to the payment of debts and legacies, to the same extent as if they had been named as executors in the will. (2 *R. S.* 72, § 22.) Section 45 of the same act, (2 *R. S.* 90,) in respect to the payment of debts and legacies, provides for the payment of the specific and general legacies bequeathed by the will. And if there be no sufficient assets, then the general legacies shall abate in equal proportions. Such payment may be enforced by the surrogate, in the same manner as he may enforce the return of an inventory. The application of the appellants was to enforce the payment of the legacies, for which they had the judgment of the court of last resort. It was the duty of the surrogate to entertain the application, and make such further order or decree for that purpose as was just, reference being had to the effects of the estate in the hands of the respondents to be administered. The pendency of the appeal by Conrad Bowers was no good answer to the facts charged in the petition. One of the primary duties of the respondents, as representatives of the estate of Marks, is the payment of these legacies. Should the decree for

their substitution as administrators with the will annexed, be reversed, and Conrad Bowers be restored to the position he has lost, provision will doubtless be made to protect them in executing any decree the surrogate may make in this proceeding.

The order or decree appealed from is reversed, with costs to the appellants, to be paid out of the estate.

[ORANGE GENERAL TERM, April 4, 1853. *Barculo, Brown* and *S. B. Strong,* Justices.]